| | AUSA: | Trevor Broad | Telephone: (313) 226-0210 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Samuel Wyputa (IRS) | Telephone: (734) 294-7814 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Tommie McGee III

Case No.

Case: 2:23-mj-30275
Assigned To : Unassigned
Assign. Date : 6/30/2023
CMP USA V MCGEE (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____2017- March 2021____ in the county of ____Wayne____ in the ____Eastern____ District of ____Michigan____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 7206(2) | Willfully aided or assisted in the preparation of fraudulent or false tax returns. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Samuel Wyputa, Special Agent, IRS
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: June 30, 2023

_Judge's signature_

City and state: Detroit, MI

Hon. Anthony P. Patti, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Samuel Wyputa, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Internal Revenue Service, Criminal Investigation ("IRS-CI"). I have been a Special Agent with IRS-CI since October, 2021. My responsibilities include investigating possible criminal violations of the Internal Revenue laws and related offenses, including violations of the Internal Revenue Code (Title 26, United States Code). As a Special Agent, I have received training related to a variety of tax and law enforcement issues, including violations of the Internal Revenue Code, investigative techniques, and policies in criminal investigations. I have also participated in other criminal investigations involving violations of the Internal Revenue Code and related offenses, including preparing fraudulent federal income tax returns.

2. I submit this affidavit in support of a criminal complaint. There is probable cause to believe that Tommie McGee III ("MCGEE") has willfully aided or assisted in the preparation of fraudulent or false tax returns, in violation of 26 U.S.C. § 7206(2).

3. MCGEE, a purported tax preparer in Detroit, Michigan, has prepared fraudulent tax returns, claiming false Schedule C earnings and losses on behalf of his tax clients. The IRS has identified at least 21 false income tax returns, which

MCGEE prepared for six clients between tax years 2017 and 2020, that claimed false Schedule C business receipts and/or expenses, which resulted in fraudulent refunds totaling approximately $138,169. In addition, IRS-CI conducted an undercover operation in March 2021, in which MCGEE prepared and electronically filed a fraudulent income tax return on behalf of an undercover agent that included an unsolicited and unsupported Schedule C business loss that would have resulted in a fraudulent tax refund.

4. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant. It does not contain all the details or facts developed to date related to this investigation.

**PROBABLE CAUSE**

Investigation Referral

5. In December 2020, the IRS Scheme Development Center ("SDC") provided information to the IRS-CI Detroit Field Office that MCGEE was potentially involved in a fraudulent tax refund scheme. The SDC is a specialized

department within the IRS whose main function is to detect fraudulent tax refund schemes. The SDC identified the tax returns prepared by MCGEE through its Preparer Tax Identification Number ("PTIN"), which tax return preparers use as a form of personal identification on tax returns. The IRS assigned MCGEE his PTIN (ending in 803) in January 2015. MCGEE used his PTIN to file returns starting at least in 2016, and his name was listed as the paid preparer on the tax returns identified by the SDC.

6. The SDC referred MCGEE for closer scrutiny because compared to the state of Michigan as a whole, a noticeably larger-than-usual percentage of MCGEE's clients received refunds each year in tax years 2015 through 2019. In addition, compared to the state as a whole, a larger-than-usual percentage of MCGEE's clients reported Schedule C businesses and received Earned Income Credits in each of those same tax years. The SDC identified the combination of these factors for that length of time as an indicator of potential fraud.

### False Return Preparation Schemes

7. Based on my training and experience, I know that dishonest return preparers often manipulate taxable income on clients' tax returns to minimize clients' tax liability and maximize refundable tax credits to ensure clients receive a refund. I am also aware that a common method used to manipulate taxable income is by including a false Schedule C, Profit or Loss from Business. Additionally, I am

3

aware that the Earned Income Credit ("EIC") is often used by dishonest return preparers in preparing false or fraudulent returns. The EIC is a refundable tax credit designed to benefit working taxpayers with low to moderate income, especially those with minor children. To qualify, a taxpayer must have earned income and meet certain requirements. The amount of EIC benefit depends on a taxpayer's income and number of children. The EIC reduces a taxpayer's tax liability dollar-for-dollar, and any portion of the credit that exceeds the taxpayer's liability is fully refundable to the taxpayer.

8. The Schedule C is properly used by self-employed taxpayers to report income or loss from a business or profession. A dishonest return preparer will include a false Schedule C business to create one of two outcomes for the taxpayer: (1) a net business loss to falsely reduce the taxpayer's income to a level that will refund any withheld income taxes and maximize EIC, or (2) a net business profit to falsely increase the taxpayer's income to a level that will fraudulently increase the taxpayer's EIC refund amount.

### MCGEE's Preparation of 21 False Tax Returns

9. As noted above, IRS agents have identified at least 21 false tax returns prepared by MCGEE for six clients between tax years 2017 and 2020. All 21 false tax returns listed MCGEE by name as the preparer in the paid preparer's section with MCGEE's PTIN (ending 803). All 21 false tax returns also listed Greater Tax

4

Returns Agency as the firm in the paid preparer's section with phone number (313) 463-1138 and the address 16129 W. McNichols, Detroit, MI, 48235, which in the Eastern District of Michigan. Records from the State of Michigan indicate that Greater Tax Returns Agency Inc. was incorporated in 2015, with Ladonna McGee as the president and registered agent. IRS databases indicate that Ladonna McGee is MCGEE's stepmother. In addition, the phone number, (313) 463-1138, that was listed on all 21 false returns for Greater Tax Returns Agency was also the phone number on a flyer that an undercover agent obtained during a meeting with MCGEE during an undercover operation (described further below) in 2021.

10. All 21 returns were materially false. Each claimed false Schedule C business receipts and/or expenses. Agents interviewed the six client-witnesses about their respective returns.

11. Some client-witnesses confirmed that the businesses listed on their respective Forms Schedule C were real, but that MCGEE falsified the expense and/or income amounts. Some client-witnesses stated that although they occasionally provided services, such as for hairstyling, the expenses listed on their Forms Schedule C were false and they had never been discussed with MCGEE. And, some client-witnesses indicated that they neither owned nor provided services akin to the businesses listed on their tax returns.

5

12. All the client-witnesses denied discussing the false figures on their returns with MCGEE and denied providing MCGEE with the false figures. Some client-witnesses also stated that MCGEE never reviewed their completed tax returns with them.

13. The false Schedule C information prepared by MCGEE resulted in lower taxable income or larger tax credits to these client-witnesses, which in turn increased their tax refunds.

### MCGEE's Preparation of a Tax Return for an Undercover Agent

14. In March 2021, MCGEE prepared and filed a fraudulent federal income tax return, which contained false and fraudulent statements, for an IRS-CI undercover agent ("UCA"). The fraudulent tax return contained false Schedule C income and expenses that resulted in a fraudulent business loss. The fraudulent Schedule C business loss reduced the taxable income that allowed the UCA to qualify for a fraudulent EIC, resulting in a fraudulently increased refund amount.

15. The UCA met MCGEE at a location in Detroit (which is in the Eastern District of Michigan) in March 2021. The UCA completed an information sheet at MCGEE's request. The UCA left the second page of the information sheet, which requested information about business income and expenses, completely blank. The UCA provided MCGEE with information and indicated the UCA was single and had

no dependents. The UCA also provided MCGEE with a Form W-2 (Wage and Tax Statement) and a Form 1099-NEC (Nonemployee Compensation).

16. MCGEE prepared the UCA's tax return using a computer while the UCA sat on the other side of the desk at the location. While preparing the UCA's tax return, MCGEE made several comments that indicated he was knowingly including false information on the UCA's tax return to generate a larger refund. MCGEE said that he was going to "put some self-employment income" on the UCA's return, that he was going to reduce the UCA's taxable income to get the UCA "a better return," and would portray to the IRS that the UCA had a side business in the same profession as the UCA's Form W-2 employment.

17. After preparing the UCA's tax return, MCGEE provided the UCA an envelope containing an application for a prepaid debit card to receive the UCA's tax refund. The UCA also grabbed a flyer (depicted below) from MCGEE's desk advertising MCGEE's tax business, which included the phone number that was listed on the 21 false tax returns discussed above.



7

18. MCGEE did not review the completed tax return with the UCA. MCGEE told the UCA that he would email a copy of the tax return to the UCA. When asked about receiving a printed copy of the tax return, MCGEE told the UCA that he typically does not provide printed copies of tax returns. (The UCA did not receive an emailed copy of the tax return from MCGEE.)

19. As the UCA was leaving, MCGEE asked the UCA to return inside and sign another form. At MCGEE's request, the UCA reentered and signed the bottom of the second page of the information sheet. The UCA observed that the second page of the information sheet requested information related to business income and expenses but was blank. MCGEE's request to the UCA to sign a blank self-employment expenses worksheet is consistent with accounts by some of the client-witnesses who stated that MCGEE had them sign blank self-employment expense forms. In addition, the fact that the UCA did not provide MCGEE with any businesses expenses supports that MCGEE falsely added self-employment (Form Schedule C) activity to the UCA's return, and it supports probable cause to believe MCGEE added false self-employment (Form Schedule C) activity to other returns such as the 21 false returns discussed above. It is also notable that the flyer the UCA obtained from MCGEE's desk states, "your side hustle may qualify you for extra money," which appears to allude to the type of Form Schedule C activity that MCGEE has fraudulently included in income tax returns, as described above.

8

20. Based on the information the UCA provided MCGEE, a correct 2020 tax return should have resulted in a tax refund of $95. However, the false return MCGEE prepared for the UCA generated a fraudulent refund of $2,334.

21. IRS databases indicate that the tax return MCGEE prepared and filed for the UCA lists MCGEE's name as the paid preparer and includes MCGEE's PTIN and phone number. The return lists MCGEE's business name as Greater Tax Returns Agency, with a business address of 16129 W. McNichols, Detroit, MI, 48235. The preparer information on the UCA's return prepared by MCGEE is consistent with the preparer information on the 21 false returns discussed above.

## CONCLUSION

22. Based on the forgoing, there is probable cause to believe that MCGEE has willfully aided or assisted in the preparation of false or fraudulent federal income tax returns, in violation of 26 U.S.C. § 7206(2).

Respectfully submitted,

Sam Wyputa
Special Agent
IRS Criminal Investigation

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: June 30, 2023

Anthony P. Patti
United States Magistrate Judge

9